## LANG v. LOUISIANA TANNING CO. et al.

(Circuit Court, E. D. Louisiana. June 12, 1893.)

CORPORATIONS—INJUNCTION—DISSOLUTION—DEMURRER.

> A bill was filed by a stockholder, praying an injunction against a certain line of business carried on by the corporation, which was alleged to be ultra vires, and asking for a receiver to protect complainant's interests. After an injunction was issued he filed a supplemental bill, alleging that the corporation had been dissolved, and liquidators appointed under the Louisiana statute, and averring objections to the liquidators on the ground that they had been connected with the ultra vires business. *Held*, that this supplemental bill was demurrable, for the original bill should be treated as one for an injunction, merely, and as the corporation had been duly dissolved, in the manner provided by its charter and the state statutes, the court had lost jurisdiction.

In Equity. Suit by Carl Lang against the Louisiana Tanning Company and others for an injunction. Demurrer to bill sustained.

Rouse & Grant and F. E. Rainold, for plaintiff.

Chretien & Suthon, for defendant Louisiana Tanning Co.

BILLINGS, District Judge. This cause is submitted on a demurrer to a bill of complaint and a supplemental bill of complaint. The original bill of complaint was filed by Lang as stockholder, and avers a total diversion of the funds of the corporation to objects outside of those embraced within the charter; that the corporation was organized under a charter which permitted the corporation to engage in the buying of land for the purpose of establishing a tanning establishment, and conducting the business of tanning; that the funds of the corporation had been devoted to buying and selling hides, in which the directors, being some of them engaged in the business of butchering, were interested, but which brought almost nothing to the complainant and other stockholders, who were not butchers. The bill prayed for an injunction, and asked that a receiver might be appointed to protect the interests of the complainant. An injunction was issued under the original bill. Then the complainant filed a supplemental bill averring the dissolution of the corporation, the appointment of liquidators, and further averring objections to two of the three

liquidators on the ground that they had been identified with the ultra vires business set forth in the original bill. The court appointed one of the liquidators, and gave each party the right to name one as receiver, with the power of liquidator. Since then the demurrer has been filed, and the case has been argued again fully. The strength of the argument on the part of the defendants is that the corporation is nothing but a creation of the statute of Louisiana; that the statute authorizes its dissolution, and points out the manner in which, in case of dissolution, its affairs are to be wound up, and that this is the fundamental law for the stockholders and the creditors; and that the liquidators having been appointed in the manner pointed out by the charter, and in the manner pointed out by the statute, by the stockholders, who were authorized, without qualification, to select them, this court cannot control their election. After giving the whole subject the best reconsideration that I can, I am satisfied that the liquidators, having been chosen in the manner pointed out by the charter, are the trustees, as it were, named by the creditors and the stockholders, and, therefore, that this court ought to dismiss the bill, unless the original bill gave such jurisdiction to this court over the corporation and its affairs that that jurisdiction should be held to continue after a dissolution. Perhaps a court of equity might remove liquidators, even when elected in strict accordance with the statute, for malfeasance in office, or any betrayal of their trust. It could not displace them for mere unsuitableness, springing out of transactions antecedent to the election, which is the charge in the supplemental bill. So far as such unfitness is concerned, the charter makes the stockholders the sole judges.

An earnest consideration of the matter has brought me to the conclusion that the original bill should be regarded as an injunction bill, purely, and, although it asked for a receiver, it asked for a receiver only for the purpose of arresting the corporate officers in their diversion of the funds of the corporation from corporate objects, and that upon the dissolution of the corporation the power of the bill, and the jurisdiction of the court, should be considered to have been ended. My conclusion, therefore, is that the demurrer must be maintained, and the property of the corporation delivered over to the liquidators who were appointed in accordance with the charter and the statute, the bill being retained solely for the settlement of the accounts of the receivers.